169 P.3d 975

**STATE of Hawai'i, Petitioner,**

v.

**The Honorable David W. LO, Judge of the District Court of the First Circuit, State of Hawai'i and Jack Miller, Respondents.**

**No. 28775.**

Supreme Court of Hawai'i.

Oct. 30, 2007.

**24**

Peter B. Carlisle, Prosecuting Attorney, and Lowell Scotty Hu, Deputy Prosecuting Attorney, for petitioner on the petition.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

PER CURIAM.

In this original proceeding, petitioner State of Hawaiʻi (the prosecution) petitions

1. HRS § 291C–105, entitled "Excessive Speeding," provides in relevant part:

 (a) No person shall drive a motor vehicle at a speed exceeding:
 (1) The applicable state or county speed limit by thirty miles per hour or more[.]
 . . . .
 (c) Any person who violates this section shall be guilty of a petty misdemeanor[.]

2. HRPP Rule 16 provides:

 (a) **Applicability.** Subject to subsection (d) of this rule, discovery under this rule may be obtained in and is limited to cases in which the defendant is charged with a felony, and may commence upon the filing in the circuit court of an indictment or a complaint.
 (b) **Disclosure by the prosecution.**

this court for a writ of mandamus directing respondent the Honorable David W. Lo, judge of the District Court of the First Circuit (the respondent judge), to vacate a pretrial order granting respondent Jack Miller's [hereinafter, defendant Miller] motion to compel discovery in *State v. Miller,* Case No. 1DTC–07–017113. The prosecution contends that the respondent judge exceeded his lawful authority under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 16(d) (2007), quoted *infra,* by compelling the prosecution to disclose to defendant Miller the calibration distances and calibration locations for the laser unit used to cite defendant Miller for excessive speeding, in violation of Hawaiʻi Revised Statutes (HRS) § 291C–105(a)(1) (Supp. 2006), quoted *infra.*

Based on the following, we hold that, because the calibration information falls within the ambit of HRPP Rule 16(d), the respondent judge did not exceed his lawful authority and that, therefore, the prosecution is not entitled to mandamus relief.

## I. BACKGROUND

On March 25, 2007, defendant Miller was cited for excessive speeding, in violation of HRS § 291C–105(a)(1),[1] for allegedly driving 76 miles per hour in a 35–mile–per–hour zone on Kalanianaole Highway in Kailua, Oʻahu. The speed was measured by a laser unit operated by Honolulu Police Department officer Justin Winter.

Defendant Miller sought discovery pursuant to HRPP Rule 16,[2] seeking disclosure by

(1) DISCLOSURE OF MATTERS WITHIN PROSECUTION'S POSSESSION The prosecutor shall disclose to the defendant or the defendant's attorney the following material and information within the prosecutor's possession or control:
 (i) the names and last known addresses of persons whom the prosecutor intends to call as witnesses in the presentation of the evidence in chief, together with any relevant written or recorded statements, provided that statements recorded by the prosecutor shall not be subject to disclosure;
 (ii) any written or recorded statements and the substance of any oral statements made by the defendant, or made by a co-defendant if intended to be used in a joint trial, together with the names and last known addresses of persons who witnessed the making of such statements;

the prosecution of routine discovery items[3] and nine additional items concerning the laser unit used by officer Winter. The prosecution disclosed the traffic crime citation, but did not disclose the laser unit items. Defendant Miller thereupon filed a motion to compel discovery of the following laser unit items:

- manufacturer's operation and maintenance manuals;
- certification documents;
- police maintenance records;
- manufacture and acquisition dates;
- warranty documents;
- laser readings;
- firearm qualification test results for officer Winter;
- fixed distance used to calibrate the subject laser unit and location where the calibration took place; and
- delta distance used to calibrate the subject laser unit and location where the calibration took place.

Defendant Miller contended that the accuracy of the laser unit was necessary to sustain a conviction for excessive speeding based solely on the laser unit and that the laser unit items were material to determining the accuracy of the subject instrument. The prosecution opposed disclosure of all the laser unit items as "not discoverable under [HRPP] Rule 16."

The respondent judge, by order filed on October 4, 2007, granted the motion to compel discovery as to the laser unit calibration distances and calibration locations, denied the motion as to all other items, and directed the prosecution to disclose the calibration information to defendant Miller. The prosecution thereupon filed the instant petition for a writ of mandamus, requesting that this court vacate the respondent judge's October 4, 2007 order compelling disclosure of the laser unit calibration information.

## II. STANDARD FOR DISPOSITION

 "The extraordinary writ of mandamus is appropriate to confine an inferior tribunal to the lawful exercise of its proper jurisdiction." *State ex rel. Marsland v. Ames*, 71 Haw. 304, 306, 788 P.2d 1281, 1283 (1990) (internal quotation marks and citations omitted). "But mandamus may not be used to perform the office of an appeal." *Id.* Thus, this court must determine at the outset

---

(iii) any reports or statements of experts, which were made in connection with the particular case or which the prosecutor intends to introduce, or which are material to the preparation of the defense and are specifically designated in writing by defense counsel, including results of physical or mental examinations and of scientific tests, experiments, or comparisons;

(iv) any books, papers, documents, photographs, or tangible objects which the prosecutor intends to introduce, or which were obtained from or which belong to the defendant, or which are material to the preparation of the defense and are specifically designated in writing by defense counsel;

(v) a copy of any Hawai'i criminal record of the defendant and, if so ordered by the court, a copy of any criminal record of the defendant outside the State of Hawai'i;

(vi) whether there has been any electronic surveillance (including wiretapping) of conversations to which the defendant was a party or occurring on the defendant's premises; and

(vii) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment therefor.

(2) DISCLOSURE OF MATTERS NOT WITHIN PROSECUTION'S POSSESSION. Upon written request of defense counsel and specific designation by de-

fense counsel of material or information which would be discoverable if in the possession or control of the prosecutor and which is the possession or control of other governmental personnel, the prosecutor shall use diligent good faith efforts to cause such material or information to be made available to defense counsel; and if the prosecutor's efforts are unsuccessful the court shall issue suitable subpoenas or orders to cause such material or information to be made available to defense counsel.

. . . .

(d) **Discretionary disclosure.** Upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.

(Emphases in original.)

3. The routine discovery materials included the police report or citation, any police photograph or videotape of the defendant, names and addresses of prosecution witnesses, any prior criminal record of the defendant or prosecution witness, and police dispatch log.

whether a mandamus petitioner may have a remedy by way of appeal or any other means of relief from the trial court's action. *Id.*

But the mere fact that other remedies are not available has never in itself been sufficient justification for mandamus. And where ... the trial judge has discretion to act, mandamus clearly will not lie to interfere with or control the exercise of that discretion, even where the judge has acted erroneously, unless the judge has exceeded his [or her] jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court where it was under a legal duty to act.

*Id.* at 307, 788 P.2d at 1283 (internal citations, brackets, quotation marks, and ellipses omitted).

### III. *DISCUSSION*

#### A. *Whether the Prosecution's Petition for Writ of Mandamus is Proper*

■ As indicated above, this court must first determine whether the prosecution, as the mandamus petitioner, may have a remedy by way of appeal or any other means of relief from the trial court's action. *Marsland,* 71 Haw. at 306, 788 P.2d at 1283. It does not.

HRS § 641–13 (Supp.2006) authorizes an appeal by the prosecution, in a criminal case, from: (1) an order or judgment sustaining a motion to dismiss an indictment or complaint or any count thereof; (2) an order or judgment dismissing a case where the defendant has not been put in jeopardy; (3) an order granting a new trial; (4) an order arresting judgment; (5) a ruling on a question of law adverse to the State, where the defendant was convicted and appeals from the judgment; (6) a sentence deemed to be illegal; (7) a pretrial order suppressing evidence; (8) an order denying the State's request for a protective order for non-disclosure of witnesses for their personal safety under HRPP Rule 16(e)(4); (9) a judgment of acquittal following a jury verdict of guilty; and (10) a denial of authorization to intercept wire, oral, or electronic communications. Clearly, under section 641–13, the prosecution is not authorized to appeal the respondent judge's

October 4, 2007 pretrial discovery order. Thus, the prosecution would be without a remedy unless extraordinary relief is granted. Consequently, we next examine whether the respondent judge exceeded his authority under HRPP Rule 16(d) thereby entitling the prosecution to mandamus relief.

#### B. *Whether the Respondent Judge Exceeded His Authority under HRPP Rule 16(d)*

Disclosure in criminal cases is governed by HRPP Rule 16, which limits discovery "to cases in which the defendant is charged with a felony," HRPP Rule 16(a), except as provided in HRPP Rule 16(d). *See supra* note 2. HRPP Rule 16(d) provides that, "[u]pon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations."

■ "Thus, discovery in a misdemeanor ... case may be permitted by the trial judge '[u]pon a showing of materiality and if the request is reasonable,' but only to the extent authorized by HRPP Rule 16 for felony cases[,]" *i.e.,* the item sought to be disclosed must be an enumerated item under HRPP Rule 16(b). *Marsland,* 71 Haw. at 309, 788 P.2d at 1284 (first set of brackets in original).

■ In a misdemeanor case, a district judge acts beyond the scope of his or her authority under HRPP Rule 16(d)—and, thus, exceeds his or her jurisdiction—by ordering disclosure by the prosecution of material and information not discoverable pursuant to HRPP Rule 16(b). *See Marsland,* 71 Haw. at 313–14, 788 P.2d at 1286–87. In *Marsland,* the district judge—upon written request by the defendant who was charged with the misdemeanor traffic crime of driving under the influence of intoxicating liquor (DUI)—compelled the prosecution to disclose forty-one items, including information about the Intoxilyzer 4011AS. *Id.* at 310–13, 788 P.2d at 1285–86. At the time of the DUI in *Marsland,* HRPP Rule 16(b) distinguished between disclosure "upon written request" and disclosure "without request." Disclosure

 

"upon written request" was required by the prosecution as to those items presently enumerated in HRPP Rule 16(b)(i) through (v). Disclosure "without request" was required by the prosecution as to those items presently enumerated in HRPP Rule 16(b)(vi) and (vii). The distinction was eliminated in 1993 when HRPP Rule 16(b) was amended to its present form. *See supra* note 2.

The prosecution in *Marsland* opposed disclosure of the forty-one items and petitioned this court for mandamus relief. We granted relief as to thirty-four of the forty-one items. *Id.* at 305–06, 788 P.2d at 1282–83. We held that (1) the defendant was not entitled, and the district judge was not authorized, to order disclosure of the thirty-four items, including those related to the intoxilyzer, inasmuch as the items did not fall within the ambit of any of the categories now designated as (i) through (v) and (2) discovery in a misdemeanor case that exceeded the limits of discovery established by HRPP Rule 16 for felony cases could not be justified under the rule. *Id.* at 313, 788 P.2d at 1286.

■ In the instant proceeding, the prosecution contends that the laser unit calibration distances and calibration locations are "beyond the scope of discovery as set forth by [HRPP] Rule 16 and *Marsland*." The prosecution, thus, contends that the respondent judge acted beyond the scope of his authority under HRPP Rule 16(d) and exceeded his jurisdiction by compelling the prosecution to disclose the calibration information to defendant Miller. However, information on the calibration distances and calibration locations for the laser unit used by officer Winter is material to challenging the accuracy of the particular laser unit, which, if determined to be inaccurate, could result in a failure of proof that defendant Miller was driving at a speed of 76 miles per hour. Such failure of proof could result in an acquittal for the

charged offense of excessive speeding or a conviction for speeding as a violation.[4] That being the case, information showing that the subject laser unit—as the sole basis for the excessive speeding charge—was not properly calibrated as to distance and location may be considered to fall within the ambit of HRPP Rule 16(b)(1)(vii) as "material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment therefor."

The accuracy of the particular laser unit used by officer Winter to cite defendant Miller on March 25, 2007 is necessary to sustain a judgment for excessive speeding based solely on the laser unit. *See State v. Tailo*, 70 Haw. 580, 582, 779 P.2d 11, 13 (1989) ("[C]ourts have ... consistently held that evidence of the accuracy of the particular radar unit is necessary to sustain a conviction for speeding obtained solely by radar." (Citations omitted.)). Thus, the information on the laser unit calibration distances and calibration locations is material, the request for such information is reasonable, and defendant Miller was entitled to disclosure of the information pursuant to HRPP Rule 16(d). By ordering the disclosure of the information, the respondent judge acted within the scope of his authority under HRPP Rule 16(d) and did not exceed his jurisdiction.

## IV. *CONCLUSION*

Based on the foregoing, the petition for a writ of mandamus is denied.

4. Under HRS § 291C–102 (Supp.2006), entitled "Noncompliance with speed limit prohibited":
 (a) A person violates this section if the person drives:
 (1) A motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C–105; or
 (2) A motor vehicle at a speed less than the minimum speed limit, where the maximum or minimum speed limit is established by county ordinance or by official signs placed by the director of transportation on highways under the director's jurisdiction.
 Moreover, HRS § 291C–161(a) (Supp.2006) provides that "[i]t is a violation for any person to violate any of the provisions of this chapter[.]"