**Electronically Filed
Supreme Court
SCPW-13-0000313
02-MAY-2013
02:59 PM**

SCPW-13-0000313

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

TRAVELOCITY.COM LP, SITE59.COM LLC, EXPEDIA, INC., HOTWIRE, INC., HOTELS.COM, L.P., ORBITZ, LLC, INTERNETWORK PUBLISHING CORP., TRIP NETWORK, INC., PRICELINE.COM, INC., and TRAVELWEB LLC, Petitioners,

vs.

GARY W.B. CHANG, JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT, Respondent,

and

DEPARTMENT OF TAXATION, STATE OF HAWAI'I, Real-Party in Interest.

---

ORIGINAL PROCEEDING
(T.A. No. 11-1-0021)

ORDER DENYING MOTION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the Petitioners' April 19, 2013 submission in support of its March 28, 2013 Petition for a Writ of Mandamus – which this court characterizes as a motion to amend the March 28, 2013 Petition – the exhibits appended thereto, and the record, it appears the Petitioners, in addition to

reiterating a previous request for this court to stay the provisions of HRS § 235-114 (Supp. 2010), which this court declined to do by way of its April 22, 2013 order denying the original Petition, also request this court to "clarify or confirm" whether the February 8, 2013 order of the Tax Appeal Court and the April 1, 2013 denial of the Petitioner's motion for reconsideration of the February 8, 2013 order are final, appealable orders.  However, it is premature for this court to opine on the appealability of the orders before an appeal is brought, and this court declines to issue an advisory opinion. *See Office of Hawaiian Affairs v. Housing and Cmty. Dev. Corp. Of Hawai'i,* 121 Hawai'i 324, 339 n. 13, 219 P. 3d 1111, 1126 n. 13 (2009) (advisory opinions are "impermissible"); *State v. Lo*, 116 Hawai'i 23, 25-26, 169 P.3d 975, 977-78 (2007) ("Thus, this court must determine at the outset whether a mandamus petitioner may have a remedy by way of appeal or any other means of relief from the trial court's action."); *Kema v. Gaddis*, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such writs are not intended to supercede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate

2

procedures).  Therefore,

IT IS HEREBY ORDERED that the Petitioners' April 19, 2013 motion is denied on its merits.

DATED: Honolulu, Hawai'i, May 2, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack