**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000489
30-SEP-2024
10:34 AM
Dkt. 103 SO**

NO. CAAP-21-0000489

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PUNOHU N. KEKAUALUA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LĪHUʻE DIVISION
(CASE NO. 5DCW-20-0000852)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Punohu N. Kekaualua (**Kekaualua**)

appeals from the Judgment and Notice of Entry of Judgment

(**Judgment**) entered by the District Court of the Fifth Circuit

(**district court**) on August 12, 2021.[1]

---

[1] The Honorable Sara Silverman presided.

On August 19, 2020, the State of Hawaiʻi (**State**) charged Kekaualua with one count of Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-814(1)(a). The complaint read:

> On or about the 2nd day of July, 2020, in the County of Kauaʻi, State of Hawaiʻi, PUNOHU NELIMU KEKAUALUA did knowingly enter or remain unlawfully in or upon premises that were enclosed in a manner designed to exclude intruders or were fenced, thereby committing the offense of Criminal Trespass in the Second Degree, in violation of Hawaiʻi Revised Statutes Section 708-814(1)(a).
>
> "Premises" means any building and any real property.

This matter proceeded to a bench trial on August 12, 2021, at which Kekaualua appeared self-represented.[2] The district court found Kekaualua guilty of criminal trespass in the second degree, sentencing him to a $100 fine, $30 crime victim fee and one day in jail, with credit for time served. This appeal followed.

On appeal, Kekaualua raises five points of error, contending that: (1) the district court erred in denying his motion to dismiss for lack of jurisdiction; (2) the district court erred in denying his request for pretrial discovery; (3) the district court erred by failing to find that his violation was a de minimis violation; (4) the district court lacked subject matter jurisdiction "given that the charging document failed . . . to adequately notify [Kekaualua] of the charges

---

[2] Kekaualua is represented by attorney Kai Lawrence on appeal.

against him"; and (5) there was insufficient evidence to support the district court's guilty verdict.  Upon careful review of the record and relevant legal authorities, we resolve Kekaualua's points of error as follows.

(1) Kekaualua contends that the district court erred in denying his motion to dismiss the charging document because the charging document was "based upon a lack of jurisdiction given the illegal overthrow of the Hawaiian nation by the United States[.]"  Kekaualua's contention lacks merit.

In State v. Kaulia, 128 Hawaiʻi 479, 291 P.3d 377 (2013), the Hawaiʻi Supreme Court rejected the argument that Kekaualua makes here.  The Kaulia court held that, pursuant to HRS § 701-106 (1993),[3] "the State's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawaiʻi."  Id. at 487, 291 P.3d at 385 (cleaned up).  Therefore, "[i]ndividuals claiming to be citizens of the Kingdom [of Hawaiʻi] and not of the State are not exempt from application of the State's laws."  Id.  We conclude, pursuant to Kaulia, that the district court had jurisdiction over the State's complaint against Kekaualua.

(2) Kekaualua contends that the district court erred in denying his oral request for pretrial discovery.  He contends

---

[3]     Currently codified in HRS § 706-106 (2014).

that, at a May 2021 pre-trial hearing, he "sought disclosure by the prosecution of any treaty showing the United State's [sic] lawful presence in Hawaii," and "of any documents showing ownership of the parcel of land in question."  The district court declined to order the prosecution to produce the requested documents, instructing Kekaualua that "if you want to file motions to compel the State to do something, you can[.]"

"The scope of discovery is reviewed for an abuse of discretion."  State v. Estrada, 69 Haw. 204, 216, 738 P.2d 812, 821 (1987).  Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 16 governs discovery.

> Disclosure in criminal cases is governed by HRPP Rule 16, which limits discovery "to cases in which the defendant is charged with a felony," HRPP Rule 16(a), except as provided in HRPP Rule 16(d). . . . HRPP Rule 16(d) provides that, upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.
>
> Thus, discovery in a misdemeanor case may be permitted by the trial judge upon a showing of materiality and if the request is reasonable, but only to the extent authorized by HRPP Rule 16 for felony cases.

State v. Lo, 116 Hawaiʻi 23, 26, 169 P.3d 975, 978 (2007) (cleaned up).  HRPP Rule 16(b)(2) governs the disclosure of matters not within the prosecution's possession, as was the case here.  The rule states,

> Upon **written request of defense counsel** and specific designation by defense counsel of material or information which would be discoverable if in the possession or control of the prosecutor and which is in the possession or control of other governmental personnel, the prosecutor shall use

> diligent good faith efforts to cause such material or information to be made available to defense counsel; and if the prosecutor's efforts are unsuccessful the court shall issue suitable subpoenas or orders to cause such material or information to be made available to defense counsel.

(Emphasis added).

The record reflects that Kekaualua did not make a written request of the State to provide any of the documents that he was seeking. We conclude, given Kekaualua's noncompliance with HRPP Rule 16, that the district court did not abuse its discretion by not ordering the State to produce the discovery that Kekaualua sought.

(3) Kekaualua contends that the charging document is insufficient because it did not include the statutory definition of "enter or remain unlawfully,"[4] and therefore failed to adequately provide notice of the charge as required by State v. Wheeler, 121 Hawaiʻi 383, 219 P.3d 1170 (2009), and State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617 (2012).

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or right/wrong standard." Wheeler, 121 Hawaiʻi at 390, 219 P.3d at 1177 (cleaned up). Where, as here, Kekaualua challenges the sufficiency of the charging

---

[4] HRS § 708-800 (2014) defines "enter or remain unlawfully" as follows, and in pertinent part,

> "Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so.

5

document for the first time on appeal, we adhere to the

<u>Motta</u>/<u>Wells</u> rule to apply a more liberal standard of review.

Pursuant to the <u>Motta</u>/<u>Wells</u> rule,

> [C]harges challenged for the first time on appeal are presumed valid. Accordingly, we will only vacate a defendant's conviction under this standard if the defendant can show: (1) that the charge cannot reasonably be construed to allege a crime; or (2) that the defendant was prejudiced.

<u>State v. Kauhane</u>, 145 Hawaiʻi 362, 367, 452 P.3d 359, 370 (2019)

(cleaned up).

Here, unlike in <u>Wheeler</u> and <u>Nesmith</u>, the ordinary and

commonly understood definition of "enter or remain unlawfully"

reflects and comports with its statutory definition. "Where a

statute sets forth with reasonable clarity all essential

elements of the crime intended to be punished, and fully defines

the offense in unmistakable terms readily comprehensible to

persons of common understanding, a charge drawn in the language

of the statute will be sufficient." <u>Id.</u> at 367, 452 P.3d at 370

(cleaned up).

We conclude that Kekaualua has not shown that the

charge against him cannot reasonably be construed to allege a

crime, or that he was prejudiced.

(4) Kekaualua contends that the district court erred

by not construing his several oral motions "seeking dismissal of

the complaint, or acquittal, following presentation of

evidence[,]" as "motions to dismiss the charge as *de minimus*

6

[sic][.]" "The dismissal of a prosecution for a de minimis infraction is not a defense. The authority to dismiss a prosecution as de minimis rests in the sound discretion of the trial court." State v. Rapozo, 123 Hawaiʻi 329, 336, 235 P.3d 325, 332 (2010) (cleaned up).

In Rapozo, the Hawaiʻi Supreme Court explained that,

> HRS § 702-236[5] provides that "the court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct" constituted a de minimis infraction. Thus, we require that all of the relevant attendant circumstances be considered by the trial court.
>
> . . . .
>
> The defendant has the burden of bringing the relevant attendant circumstances before the court for its consideration.
>
> . . . .

---

5      HRS § 702-236 (2014) states, in its entirety,

> **§702-236 De minimis infractions.** (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:
>     (a)    Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense;
>     (b)    Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>     (c)    Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.
>     (2) The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.

> In addition to requiring consideration of all the relevant attendant circumstances, HRS § 702-236 further requires consideration of "the harm or evil sought to be prevented by the law defining the offense." As with all efforts to determine legislative intent, that inquiry relies primarily on the plain language of the statute.

Rapozo, at 337-38, 235 P.3d at 333-34 (cleaned up).

Criminal trespass in the second degree is intended to prevent people from unlawfully entering upon premises. Kekaualua failed to carry his burden of establishing that his conduct was a de minimis infraction of HRS § 708-814(1)(a) within the meaning of HRS § 702-236. Realtor Julie Black (**Black**) testified at trial that Kekaualua's truck was blocking the driveway; when she asked him to move the truck, he refused, causing her to call the police and have his truck towed. Black further testified that approximately three times, Kekaualua, "[taunted] the police officer to arrest him, like putting his foot over [the premises] and then bringing it back, putting it over and bringing it back." When asked "were there any previous incidents where Mr. Kekaualua was advised that he was not allowed on the property[,]" Black responded, "[m]any."

We conclude that the district court did not abuse its discretion by not dismissing the case as de minimis.

(5) Kekaualua contends that there was insufficient evidence introduced to support the district court's guilty verdict. He contends that there "was no evidence presented showing the requisite *mens rea* necessary to sustain the

conviction" because of his alleged mistake of fact,[6] i.e., that "he legitimately believed that he and his family, as konohiki receiving the land in question during the [] Great Mahele, were the rightful title holders to said land." He further contends that the "fence line in question was a necessary element of the charge that was never proven[,]" specifically that there was not "any evidence presented showing a survey or plot map marking out the boundaries" of the premises.

"The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (citations omitted). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a

---

[6] The defense of mistake of fact is codified in HRS § 702-218 (2014), which states,

§702-218 **Ignorance or mistake as a defense.** In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:
(1) The ignorance or mistake negatives the state of mind required to establish an element of the offense; or
(2) The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.

person of reasonable caution to support a conclusion." State v. Foster, 128 Hawaiʻi 18, 25, 282 P.3d 560, 567 (2012).

In order to sustain a conviction of criminal trespass in the second degree, the prosecution was required to prove that Kekaualua: (1) did knowingly enter or remain unlawfully; (2) in or upon premises that were enclosed in a manner designed to exclude intruders or were fenced.

Black testified at trial that she observed Kekaualua cross over into the fenced area of the property, and when asked if she observed him on the property on the day in question, she specified that she "observed his foot on the property, yes."

During his own testimony, Kekaualua testified that he was physically on the property, admitting, "[y]es, I did go back on the property[.]"  The following testimony was also presented on cross-examination:

> Q [State]. Isn't it true that you did enter the property after --
>
> A [Kekaualua]. Absolutely.
>
> Q. And you were told that you could not be there?
>
> A. Absolutely.
>
> . . . .
>
> Q. But you were told that you could not be on the property and you remained?
>
> A. Yes.

We conclude that there is sufficient evidence in the record to support Kekaualua's conviction of criminal trespass in the second degree.

For the foregoing reasons, we affirm the district court's Judgment.

DATED: Honolulu, Hawai'i, September 30, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kaua'i,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge